IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ELIZABETH AND BRIAN BRITT, | ) |
| | ) |
| CLAIMANTS, | ) |
| | ) |
| V. | )   CV NO.:  1:20-CV-00383 |
| | ) |
| THE TERMINIX INTERNATIONAL COMPANY, L.P., ET AL.; | ) ) |
| | ) |
| RESPONDENTS. | ) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
TERMINIX'S MOTION TO VACATE**

By filing this Responsive Brief in Opposition to Terminix's Motion to Vacate, the Britts do not waive their Motion to Strike Terminix's Motion for Scheduling Order or their Motion to Strike Terminix's Motion to Vacate. In violation of the binding Local Rules: 1) the Terminix defendants failed to file a *timely* a response in opposition to Plaintiffs' motion to confirm the arbitral award; 2) the Terminix defendants failed to file a motion for leave, predicated on excusable neglect; and 3) the motion Terminix untimely filed without filing a motion for leave was facially frivolously. Nevertheless, consistent with Local Rule, Civil L.R. 7(c), the Britts file this timely response in opposition to Terminix's Motion to Vacate.

**Statement of Facts**

The Britts object to and dispute the so-called statement of facts and exhibits, as set forth in Terminix's *untimely* and *improper* motion to vacate and memorandum of law in support thereof. Terminix makes no citation to any record and fails to make any remedial efforts to correct this deficit by filing an affidavit or otherwise. Consequently, the Britts

1

object to this Court considering Terminix's so-called statement of facts or Exhibits A, D, and E (Docs 18-1, -4, and -5), attached thereto.

## Standard of Review

First, it is well-established that any review of an arbitration decision is **extremely narrow** and **exceedingly deferential**. *See United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union AFL-CIO-CLC v. Wise Alloys, LLC,* 807 F.3d 1258, 1271 (11th Cir. 2015), *citing Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 843 (11th Cir. 2011); *Osram Sylvania, Inc. v. Teamsters Local Union*, 528, 87 F.3d 1261, 1263 (11th Cir. 1996). While a party may seek judicial review of an arbitration decision, "**the court will set that decision aside only in very unusual circumstances**." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, (1995)(emphasis added). "**[C]ourts have no business weighing the merits of the grievance or considering whether there is equity in a particular claim**." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509–10 (2001)(emphasis added)(internal citation and punctuation omitted). In short, "**in reviewing arbitral awards, a district [ ] court is limited to determining whether the arbitrators did the job they were told to do—not whether they did it well, or correctly, or reasonably, but simply whether they did it**...." *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994)(emphasis added)(internal quotation and citations omitted).

**Argument**

The standard of review is particularly important in the present matter because Terminix, in fact, wants this Court to find that the Arbitrator "got it wrong." Terminix argues, without citation to any record, affidavit, or to any applicable, controlling, or relevant legal authority that, because the Arbitrator mentioned certain findings of fact in his final order –facts that were pertinent and material to Plaintiffs' claims of fraud –facts that were also pertinent and material to his award of punitive damages, including the reprehensibility of Terminix's conduct –the Arbitrator necessarily must have acted beyond his authority. Terminix is incorrect.

**Terminix Makes no Citation to any Record and
Fails to Cure this Deficit by Affidavit or Otherwise**

Terminix's failure to cite to any record in support of its motion to vacate and its failure to make any remedial efforts to correct this omission by filing an affidavit or otherwise is fatal to Terminix's motion to vacate. For example, in *Aegis Capital Corp. v. Cohen*, 2019 WL 7168305, at *1 (S.D. Fla. Dec. 24, 2019), the United States District Court for the Southern District of Florida, citing as authority 9 U.S.C. § 10(a) of the Federal Arbitration Act ("FAA"), instructed the movant, not only to file the arbitrators' decision, but to cite **the record**, as well as a brief detailing specific instances in which the movant claimed the arbitrators exhibited, *inter alia*, imperfect execution. As in the present case, the movant simply cited to the arbitrators' final decision, **making no citations to the record**. *Id.* Holding that the movants' case consequently rested on his naked arguments, the Court correctly noted that **it "cannot review what it does not possess**." *Id.*, at FN1.

3

Likewise, in *Great Am. Ins. Co. v. Moye*, 2010 WL 2889665 (M.D. Fla. July 19, 2010)(emphasis added), the United States District Court for the Middle District of Florida, held that, "**[b]y failing to provide a hearing transcript, the Plaintiff has presented the court with a significant impediment to deciding the issues in this arbitration appeal**." *Id.* at *3, (internal citations omitted). Specifically, the *Moye* court held that it "will not speculate as to what evidence was previously presented or as to what constitutes the record of prior proceedings." *Moye*, at *1, *citing Wisconsin Barge Line v. Coastal Marine Transport Inc.*, 414 F.2d 872, 876 (5th Cir. 1969). "Therefore, evidence and issues allegedly raised in the arbitral proceeding, which are not found in the record will not be passed on or considered by the Court on appeal." *Id.,* (emphasis added), *citing M & L Power services v. Am. Network Int'l*, 44 F.Supp.2d 134, 143 (D.R.I. 1999). Moreover, as it relates to "exhibits" offered as evidence, "**absent a record of the Arbitrator receiving a given piece of evidence, this Court will not receive that piece of evidence**." *Moye*, at *5 (emphasis added)(internal citations omitted).

Unlike the present case, the movant in *Moye* actually took remedial steps by filing an affidavit and certifying through first-hand observation at least some of the evidence the Arbitrator received at the hearing; the movant referenced exhibits that were "specifically cited by reference to their Bates numbers in the Arbitrator's Findings of Fact." *Id.* at *3.[1] Thus, because at least some evidence was properly certified by affidavit, the Eleventh

---

[1] The *Moye* Court refused to consider other so-called evidence, where the submitted affidavit failed to state that the exhibits were offered into evidence at the hearing, specifically holding that **"[a]lthough these exhibits may be part of Great American's claim file, this court will not consider them absent proof that they were given at the hearing**." *Id.* at *5 (emphasis added).

4

Circuit specifically distinguished the facts in *Moye* from those in *Abood v. Block*, 752 F.2d 548 (11th Cir. 1985), wherein **the Eleventh Circuit dismissed an appeal for want of evidence because, unlike in *Moye*, the Appellant took "no remedial steps [ ] to supplement the record, such as filing a sworn statement of what the district court received into evidence**." *Moye*, at *3  Thus, following the Eleventh Circuit's rationale in *Moye,* because the Terminix defendants, like the Appellants in *Abood*, took no remedial steps to create a "substitute" record by filing an affidavit or otherwise certifying what the Arbitrator received into evidence, the Terminix defendants have presented no permissible "evidence" by which this court can question the Arbitrator's decision, for the Court cannot review what it does not possess.

Likewise, in *Sanderson Grp., Inc. v. Smith*, 809 So.2d 823, 829 (Ala.Civ.App. 2001), the Alabama Court of Civil Appeals held that that, **"[w]ithout a record to dispute this finding, we must presume that the arbitrator heard the evidence that would have been necessary to support his finding**." (emphasis added)(internal citations omitted).[2] Similarly, in *World Bus. Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468 (11th Cir. 2010), the Eleventh Circuit refused to vacate an arbitral award, holding that the lack of a record precluded the court from reviewing the proceeding: "[f]urther, as the district court noted, Appellants have failed to present any transcript of the arbitration proceedings that would allow this Court to meaningfully review the challenged rulings of the arbitrator." *Id.,* at

---

[2]  The arbitral winner filed a cross-appeal of the trial court's denial of his motion for sanctions. In reversing the trial court and awarding sanctions under the ALAA, the Court held that "Sanderson's argument cannot be labeled as a good-faith argument that the law should be changed" because "his argument is groundless in law." *Sanderson Group*, 809 So.2d at 830.

470, *citing Univ. Commons–Urbana, Ltd. v. Universal Constructors, Inc.*, 304 F.3d 1331, 1337 (11th Cir. 2002) (denying motion to vacate arbitration award, in part, because, absent citation to record, courts "cannot ascertain from the bare-bones statement of the award what principle of law the arbitrators purportedly chose to ignore").[3]

The Terminix defendants cannot cure this deficit in their reply brief because the Court cannot consider arguments or evidence raised for the first time in a reply brief. *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) ("[T]his Court ... repeatedly has refused to consider issues raised for the first time in an appellant's reply brief."); *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1328 n.4 (11th Cir. 2004) ("[A] party cannot argue an issue in its reply brief that was not preserved in its initial brief."); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) ("We need not address this issue because Whitesell raises it for the first time in his reply brief."); *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court." ); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (concluding that the appellant "waived" a claim because he raised it for the first

---

[3] Not only did the Eleventh Circuit refuse to vacate the arbitral award without a proper record to review, it remanded the matter to the trial court to determine the appropriate amount of sanctions to be awarded. *Id.* at 470, 471. Finding the appellants guilty of a "never-say-die attitude" after losing the arbitration award, the Eleventh Circuit specifically noted that "[a]ppellants cite to only one case, decided by a California state court, for support in their entire six-page long appellate brief," was sufficient grounds for finding that appellants were "drag[ging] the dispute through the court system without an objectively reasonable belief [they] will prevail." *Id* (internal citations omitted).

.

time in his reply brief); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).

Terminix cannot establish the Arbitrator acted beyond his authority. Simply put, the Arbitrator did the job he was hired to do and Terminix is now unhappy with the results. Consequently, this Honorable Court should *swiftly* enter an order denying Terminix's motion to vacate.[4]

Finally, contrary to Terminix's representation to this Court that the arbitrator "award[ed] punitive damages not only for Terminix's **breach of contract** with the Britts, but also as to how Terminix purported [sic] treated non-party 'customers in Alabama' to whom Terminix [also] owed a duty [,contractually and legally,] to perform [a] define post construction soil treatment…." Doc. 19, pp., 9, 10. This is not supported by any record and is inaccurate. Indeed, the Arbitrator made it clear that his punitive damage award was not for Terminix's **breach of contract** with the Britts, but rather was **made "in connection with the [fraud] tort claims**." *See* Doc 1-1. Consequently, the arbitrator was plainly acting within his authority to enter punitive damages for Terminix's fraud on the Britts.

---

[4] Following B.*L. Harbert Int'l, LLC v. Hercules Steel Co*., 441 F.3d 905 (11th Cir. 2006), *abrogated on other grounds as recognized by Frazier v. CitiFinancial Corp*., 604 F.3d 1313, 1321 (11th Cir. 2010), and its progeny, the Court "can raise and consider the issue of sanctions on [its] own, after giving the parties notice and an opportunity to be heard." *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 50 (1991) (the court may exercise its inherent authority to sanction, but must comply with the requirements of due process).

## Pattern and Practice Evidence

Under well-established Alabama law, "[e]vidence of similar fraudulent acts [is] admissible to prove an alleged fraudulent scheme." *Ex parte Georgia Cas. & Sur. Co.*, 531 So.2d 838, 841 (Ala. 1988). Otherwise stated, evidence of other fraudulent acts is pertinent and material for punitive damages purposes to demonstrate "a pattern or practice of fraud." *Foremost Ins. Co. v. Parham*, 693 So.2d at 428; *Valentine v. World Omni Leasing*, Inc., 601 So.2d 1006 (Ala.Civ.App. 1992); *see, also, Ex parte State Farm Mut. Auto. Ins. Co.*, 452 So.2d 861, 863 (Ala. 1984); *Dorcal, Inc. v. Xerox Corp.*, 398 So.2d 665, 671 (Ala. 1981) (In fraud cases, "evidence of similar frauds and misrepresentations [is] commonly admissible.").

Moreover and more importantly, questions of relevancy rest within the sound discretion the arbitrator. The trier of fact's "ruling concerning the relevancy of pattern and practice evidence should not be disturbed on appeal unless the court's discretion has been abused." *See e.g., Foremost*, 693 So.2d at 429, *citing Dorcal, Inc. v. Xerox Corp.*, 398 So.2d 665 (Ala.1981). Not only is appropriate for the arbitrator hear such evidence, had the Arbitrator "refus[ed] to hear evidence pertinent and material to the controversy," he *could* have been found guilty of arbitral misconduct. See 9. U.S.C. § 10(a)(3).

Thus, the Terminix defendants cannot establish that the Arbitrator abused his discretion by hearing pattern and practice evidence that he found sufficient to support his award of punitive damage. Simply put, the Terminix defendants decided that all damages for tort claims between the parties, including claims of fraud, would be decided by a single arbitrator; they cannot now ask this Court to second guess his judgment.

**Authority to Award Punitive Damages and the Purpose For Them**

In *Ex parte Thicklin*, 824 So.2d 723, 732 (Ala. 2002),[5] the Alabama Supreme Court held that any attempt to contractually prohibit an arbitrator's ability to award punitive damages was unenforceable as against Alabama's public policy. In rendering its opinion, the Court held that, because "[t]he authority to declare public policy is reserved to the Legislature," then any "contractual provision immunizing a party from liability for punitive damages is unconscionable in light of the public policy of this State as expressed by the Legislature or by its people in the Constitution." *Id., citing Rogers v. City of Mobile*, 169 So.2d 282, 302 (1964). While the public policy behind compensatory damages strives to compensate the wronged party, the public policy behind punitive damages is to punish the wrongdoer and to deter others similarly situated from engaging in similar conduct in the future. *See Green Oil Co. v. Hornsby*, 539 So.2d 218, 222 (Ala. 1989); *see also BMW of North America, Inc. v. Gore* 701 So.2d 507, 513 (Ala. 1997); *City Bank of Alabama v. Eskridge*, 521 So.2d 931, 933 (Ala. 1988). With this in mind, the *Thicklin* Court held that, "**[i]t is equally sound to conclude that it violates public policy for a party to contract away its liability for punitive damages, regardless of whether the provision for doing so was intended to operate in an <u>arbitral</u> or a judicial forum**." *Ex parte Thicklin,* 824 So.2d at 733(emphasis added). The Court further reasoned that:

> **If parties to an arbitration agreement waive an arbitrator's ability to award punitive damages, the door will open wide to <u>rampant fraudulent conduct</u> with few, if any, legal**

---

[5] *Ex parte Thicklin*, was overruled on other grounds. *See Patriot Mfg., Inc. v Jackson*, 929 So.2d 997 (Ala. 2005)(arbitration agreements not required in written warranties to be enforceable under Magnuson-Moss).

> **repercussions**. **The Legislature intended that punitive damages be available as a remedy in fraud actions, as evidenced by the enactment of § 6–11–20(a). The Legislature is endowed with the exclusive domain to formulate public policy in Alabama, a domain upon which the judiciary shall not trod.** *American Bankers Ins. Co. of Florida*, 757 So.2d at 1137. **Thus, we conclude that it is not within the province of parties to a predispute arbitration agreement to waive a punitive-damages award**.

*Id.*(emphasis added), *quoting Cavalier Mfg., Inc. v. Jackson* 823 So.2d 1237 (Ala. 2001), *overruled on other grounds, Ex parte Thicklin*, 824 So.2d at 733, *later reinstated by Patriot Mfg., Inc. v. Jackson*, 929 So.2d 99 (Ala. 2005).

### The Subject Arbitration Clause is Extremely Broad.

As previously noted in Plaintiffs' Motion to Strike Terminix's Motion to Vacate, what the Terminix defendants represented as the arbitration agreement curiously came up way short from the actual agreement. Doc. 21, p. 10. Terminix did not limit the arbitrator's authority to decide **contract claims** as suggested by Terminix. Rather, Terminix's arbitration clause is as broad as any arbitration clause can be written, granting the arbitrator the authority to decide any and all disputes, including those regarding any tort, statute, or otherwise, arising out of or relating in any way to the relationship between the parties. *Id.* In *Ex parte Morris*, 782 So.2d 249 (Ala. 2000), the plaintiffs argued to a Baldwin County Court that it should not compel them to arbitrate their tort claims, including claims of fraud, against Terminix. The court disagreed with the plaintiffs, agreed with Terminix, and entered an order compelling all of plaintiffs' claims to binding arbitration; the plaintiffs filed a petition for a writ of mandamus directing Judge Reid to vacate his order. *Id.* at 250. The Alabama Supreme Court denied the petition. *Id.*

In support of its decision, the Court noted that, similar to the subject arbitration clause in the present matter, the arbitration clause at issue in *Ex part Morris,* was broad - covering "any controversy or claim between [the Morrises and Terminix] arising out of or relating to this Agreement or to the identified property in any way, whether by virtue of contract, tort or otherwise." *Id.* at 252, 253.

> "[A]n arbitration provision will be enforced in Alabama to the extent that enforcement is required by federal law." *Green Tree Fin. Corp. v. Shoemaker*, 775 So.2d 149, 150 (Ala.2000). Moreover, cases interpreting the Federal Arbitration Act mandate that a court give the broadest possible interpretation to an arbitration agreement and resolve all doubts in favor of arbitration. *A.G. Edwards & Sons, Inc. v. Syvrud*, 597 So.2d 197, 200–01 (Ala.1992)."

*Id.,* at 253. For this reason, the *Ex parte Morris* Court held that the plain language of the arbitration clause contained in the Terminix Termite Protection Plan, executed by the Plaintiffs, required them to submit to all of their claims to arbitration, including their claims of fraud.

The arbitration agreement in the present matter is, if anything, broader than the one in *Ex part Morris*. Consequently, it simply cannot be said that the Arbitrator lacked the authority to resolve the fraud claims between the Britts and Terminix or to hear pattern and practice evidence that the Arbitrator decided, in his discretion, was material and pertinent to the fraud claims and to the issue of Terminix's reprehensibility. *See also Reporter's Comments, Principle 14, AAA Consumer Due Process Rules* ("The intent [of this principle] is to make clear that arbitrators deriving their authority from Consumer contracts should

11

enjoy the same authority courts have to fashion relief, including awarding attorney's fees and punitive damages in appropriate cases).

Indeed, based on the legal position Terminix took and succeeded on in *Ex parte Morris*, Terminix should be judicially estopped from arguing that the Arbitrator lacked the authority to decide the fraud issues and to hear evidence that was material and pertinent to those claims and damages. *See New Hampshire v. Maine, 532 U.S. 742, (2001):*

> "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000); *see* 18 Moore's Federal Practice § 134.30, p. 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

*New Hampshire v. Main*, 532 U.S. at 749.

### Terminix's Failure to Cite Applicable Legal Authority is Fatal

It should not go unnoticed that in the 4 ½ pages Terminix used to "argue" its motion to vacate, it cited and "discussed" a single case from the Seventh Circuit, which was clearly inapplicable to any issues in the present case for multiple reasons. It is axiomatic that the

12

onus is upon the movant not only to formulate an appropriate argument, but to cite applicable authority. *See Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587 (11th Cir. 1995). A "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The Court] will not do his research for him." *See Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) (emphasis added)(Posner, J.)(internal citations omitted); *see also Cincinnati Ins. Co. v. Belkin Corp*., 2008 WL 4949783, *FN6 (S. Dist. Ala. 2008)(Same). Likewise, in *Cavalier Mfg., Inc. v. Gant*, 143 So.3d 762 (Ala. 2013), the Alabama Supreme Court held that where a party seeking vacatur of an arbitrator's award makes an argument that is not supported by citations to applicable authority, the "Court may affirm the judgment on those issues, for it is neither the Court's duty nor its function to perform all the legal research for an appellant.'" *Id.* at 770, *quoting Welch v. Hill*, 608 So.2d 727, 728 (Ala. 1992)(*quoting in turn Sea Calm Shipping Co., S.A. v. Cooks*, 565 So.2d 212, 216 (Ala. 1990). Thus, because the arguments made by the Terminix defendants are not supported by citation to legal authority, its opposition to Plaintiffs' motion should be denied.

### Terminix Made No Argument And Cited No Authority for Modification

Because Terminix made no argument and cited no authority for modification, this is due to be denied.

### CONCLUSION

Simply put, this Court should not ignore: 1) that Terminix failed to cite to any record or took any remedial steps to cure this deficit by affidavit or otherwise; 2) that the

arbitration clause was extremely broad; 3) that the Britts properly submitted their fraud claims and the issue of punitive damages to the Arbitrator; 4) that the Arbitrator, within his sound discretion, heard pertinent and material evidence related to the Britts' fraud claims and to the issue of Terminix's reprehensibility; 5) that Terminix is judicially estopped from taking a position contrary to the position it successfully took in *Ex parte Morris*; and, 6) that Terminix failed to cite any appliable authority to support its position.

WHEREFORE, for the reasons stated hereinabove, the Plaintiffs respectfully request that this Honorable Court enter an Order denying Terminix's Motion to Vacate.

/S/ J CHRIS COCHRAN
J CHRIS COCHRAN
ONE OF THE ATTORNEYS FOR
PLAINTIFFS, BRIAN AND
ELIZABETH BRITT

**ATTORNEYS FOR PLAINTIFFS, BRIAN AND ELIZABETH BRITT**
THOMAS F. CAMPBELL
J. CHRISTOPHER COCHRAN
**CAMPBELL LAW PC**
5336 Stadium Trace Parkway
Suite 206
Birmingham, AL   35244
P- (205) 478-6066
F- (205) 278-6654
Email: tcampbell@termitetom.com
Email: ccochran@termitetom.com

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY THAT ON THE 11TH DAY OF SEPTEMBER, 2020, I WILL ELECTRONICALLY FILE THE FOREGOING WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM, WHICH WILL THEN SEND A NOTIFICATION OF SUCH FILING (NEF) TO THE FOLLOWING:

**ATTORNEYS FOR DEFENDANTS, THE TERMINIX INTERNATIONAL COMPANY, LIMITED PARTNERSHIP; TERMINIX INTERNATIONAL, INC. AND JIM FAUST**

James Gibson
Chris King
**Lightfoot, Franklin & White, LLC**
The Clark Building
400 North 20th St.
Birmingham, Al 35203
(205)581-0700
Email: jgibson@lightfootlaw.com
    cking@lightfootlaw.com

.